IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

CHRISTOPHER WAYNE DESHAZO, §
Inmate #122439, §
§
Plaintiff, §
§
v. § CIVIL ACTION NO. H-18-0334
§ consolidated with
COLLEGE STATION POLICE § CIVIL ACTION NO. H-18-0356
DEPARTMENT, *et al.*, §
§
Defendants. §

## MEMORANDUM AND ORDER

The plaintiff, Christopher Wayne Deshazo (Inmate #122439), is presently in

custody of the Brazos County Detention Center. Deshazo has filed a complaint under

42 U.S.C. § 1983, alleging violations of his civil rights in connection with his arrest

and prosecution on state court criminal charges that are pending against him. He has

filed an amended version of his complaint [Doc. # 31], a summary of the offense

report detailing the investigation by police [Doc. # 20], a declaration with exhibits in

support [Doc. # 35], as well as motions for appointment of counsel, preliminary

injunctive relief, discovery, and removal of his state court prosecution [Docs. # 26, #

29, # 36, # 39]. Because Deshazo is a prisoner who proceeds *in forma pauperis*, the

Court is required by the Prison Litigation Reform Act the ("PLRA") to scrutinize the

pleadings and dismiss the case if it is frivolous or malicious, fails to state a claim on

which relief may be granted, or seeks monetary relief against a defendant who is immune from such relief. *See* 28 U.S.C. §§ 1915A(b), 1915(e)(2)(B). After reviewing all of the pleadings as required, the Court concludes that this case must be dismissed for reasons that follow.

## I.  <u>BACKGROUND</u>

Deshazo is in custody at the Brazos County Detention Center as the result of his arrest by officers with the College Station Police Department on charges of burglary of a habitation and assault, which were lodged against him by a woman named Myriah Del Rossi.[1] Records provided by Deshazo reflect that these charges were filed against him after he kicked in the door of her apartment and assaulted her.[2] The charges remain pending against Deshazo in the 272nd District Court for Brazos County, Texas.[3]

Deshazo has filed this lawsuit against the College Station Police Department, prosecutors with the Brazos County District Attorney's Office, the 272nd District Court for Brazos County, his appointed criminal defense counsel E.R. "Ned"

---

[1]     Complaint [Doc. # 1], at 4.

[2]     Summary of Offence Report [Doc. # 20], at 1-9.

[3]     Request for Removal [Doc. # 29], at 1.

Turnbull, and Ms. Del Rossi.[4]  Deshazo contends that Del Rossi lied about being assaulted and that she is liable for "slander" for making false statements to police.[5] Deshazo accuses the police of false arrest and the prosecutors assigned to his case of misconduct resulting in his wrongful imprisonment.[6]  Deshazo also accuses his defense counsel of incompetence by allowing his civil rights to be violated.[7]  Deshazo seeks compensatory and punitive damages in excess of $1 million for his false arrest and wrongful prosecution.[8]

## II.  DISCUSSION

### A.  Claims of False Arrest by Police

Deshazo does not state an actionable claim concerning his arrest by officers with the College Station Police Department.  To prevail on his claim of false arrest, Deshazo must show that there was no probable cause to arrest him. *See Haggerty v. Texas Southern Univ.*, 391 F.3d 653, 655 (5th Cir. 2004). "Probable cause exists 'when the totality of the facts and circumstances within a police officer's knowledge at the moment of arrest are sufficient for a reasonable person to conclude that the

---

[4]      Complaint [Doc. # 1], at 3.

[5]      *Id.*

[6]      *Id.*

[7]      *Id.*

[8]      Amended Complaint [Doc. # 31], at 4.

suspect had committed or was committing an offense.'" *Id*. at 655-56 (quoting *Glenn v. City of Tyler*, 242 F.3d 307, 313 (5th Cir. 2001)). The accusations made by Del Rossi, as outlined in records that Deshazo provides, gave the officers probable cause to make his arrest.[9] *See, e.g., Jones v. Sparta Comm. Hosp.*, 716 F. App'x 547, 49 (7th Cir. 2018) (rejecting a claim of false arrest after concluding that domestic-battery accusations by the plaintiff's ex-wife constituted probable cause for his arrest). Because Deshazo does not demonstrate that probable cause was lacking, he fails to state a claim for false arrest or wrongful imprisonment against the police.

## B. Claims Against the Trial Court and Prosecutors

Deshazo cannot recover damages from the 272nd District Court for Brazos County or the presiding judge in connection with the criminal proceedings referenced in the complaint. It is well established that judges are entitled to absolute immunity from claims arising out of acts performed in the exercise of their judicial functions. *See Stump v. Sparkman*, 435 U.S. 349, 355 (1978); *Boyd v. Biggers*, 31 F.3d 279, 284 (5th Cir. 1994). The doctrine of absolute judicial immunity protects judges not only from liability, but also from suit. *Mireles v. Waco*, 502 U.S. 9, 11 (1991). Judicial immunity may be overcome only by showing that the actions complained of were non-judicial in nature or were taken in the complete absence of all jurisdiction. *See id.* at

---

[9]     Summary of Offence Report [Doc. # 20], at 1-9.

11-12. Because Deshazo does not allege facts showing that the trial court engaged in any conduct that is not judicial in nature, he fails to overcome the state court's entitlement to immunity.

For similar reasons, Deshazo cannot recover damages from the Brazos County District Attorney's Office or any of the prosecutors for their role in handling the criminal charges filed against him. Prosecutors are entitled to absolute immunity from civil rights claims for actions taken in the scope of their duties in initiating and pursuing a criminal prosecution. *See Van de Kamp v. Goldstein*, 555 U.S. 335, 343 (2009) (citing *Burns v. Reed*, 500 U.S. 478, 492 (1991)); *see also Imbler v. Pachtman*, 424 U.S. 409, 431 (1976) (holding that prosecutors are absolutely immune from a civil suit for damages for initiating a prosecution and in presenting the state's case). To the extent that Deshazo's claims relate to the prosecution of the charges against him during his state court criminal proceedings, the Court must dismiss his claims for seeking monetary relief from  defendants who are immune from such relief.

### C.    Claims Against Defense Counsel

In addition, Deshazo cannot maintain an action under 42 U.S.C. § 1983 against his criminal defense counsel. To make a claim under § 1983 a plaintiff must demonstrate that a constitutional violation was "caused by the exercise of some right or privilege created by the State or by a rule of conduct imposed by the State or by a

person for whom the State is responsible." *Lugar v. Edmundson Oil Co.*, 457 U.S. 922, 936 (1982). This means that "the party charged with the deprivation must be a person who may fairly be said to be a state actor," that is, one who is in fact a state official, one who "has acted with or has obtained significant aid from state officials," or one whose "conduct is otherwise chargeable to the State." *Id.*

Criminal defense attorneys, even court-appointed ones, are not state actors for purposes of a suit under 42 U.S.C. § 1983. *See Hudson v. Hughes*, 98 F.3d 868, 873 (5th Cir. 1996) (citing *Polk Cnty. v. Dodson*, 454 U.S. 312, 324-25 (1981); *Mills v. Criminal Dist. Court No. 3*, 837 F.2d 677, 679 (5th Cir. 1988)). Because a civil rights complaint made against a criminal defense attorney contains no state action, such a complaint fails to state a claim upon which relief can be granted as a matter of law. *See Hudson*, 98 F.3d at 873; *see also Biliski v. Harborth*, 55 F.3d 160, 162 (5th Cir. 1995).

### D. Claims Against Del Rossi

Deshazo accuses Del Rossi of fabricating the charges against him, although the records he provides indicate that there are photographs of the scene of the offense showing that he kicked in the door of her apartment with enough force that pieces of

the trim and hardware were found as much as ten feet inside the residence.[10]  To the

extent that Deshazo accuses Del Rossi of slander or defamation, his allegations are not

actionable under 42 U.S.C. § 1983 because defamation is a violation of state, not

federal law.  *See WFAA-TV, Inc. v. McLemore*, 978 S.W.2d 568, 571 (Tex. 1998)

(reciting the elements of a defamation claim under Texas law);  *see also Waste Mgmt.*

*of Texas, Inc. v. Texas Disposal Sys. Landfill, Inc.*, 434 S.W.3d 142 (Tex. 2014).

Thus, claims of libel and slander are not cognizable under § 1983.  *See Cook v.*

*Houston Post*, 616 F.2d 791, 794 (5th Cir. 1980);  *see also Mowbray v. Cameron*

*County, Tex.*, 274 F.3d 269, 277 (5th Cir. 2001) (holding that allegations of slander

by a former prisoner, resulting in public humiliation, scorn, and ridicule, did not state

a claim under 42 U.S.C. § 1983); *Castillo v. Bowles*, 687 F. Supp. 277, 282 (N.D. Tex.

1988) (dismissing an inmate's defamation claim against jail guards because, even if

his allegations were true, he only alleged harm to his reputation, which is not

protected by the Constitution) (citation omitted).  As a result, Deshazo's allegation of

slander will be dismissed for failure to state a claim upon which relief may be granted.

To the extent that Deshazo contends that Del Rossi filed a false report that has

resulted in his wrongful arrest and malicious prosecution, his allegations implicate the

validity of criminal charges that remain pending against him.  According to the rule

---

[10]     Summary of Offence Report [Doc. # 20], at 3.

in *Heck v. Humphrey*, 512 U.S. 477, 486-87 (1994), to recover damages based on allegations of "unconstitutional conviction or imprisonment, or for other harm caused by actions whose unlawfulness would render a conviction or sentence invalid," a civil rights plaintiff must prove "that the conviction or sentence has been reversed on direct appeal, expunged by executive order, declared invalid by a state tribunal authorized to make such determinations, or called into question by a federal court's issuance of a writ of habeas corpus [under] 28 U.S.C. § 2254." The claim of false arrest that Deshazo has lodged against Del Rossi is not precluded by *Heck*, but his allegations are not ripe for consideration until after his criminal prosecution has terminated in his favor. *See Wallace v. Kato*, 549 U.S. 384 (2007). Because criminal charges remain pending against him, the Court will dismiss the false arrest claims against Del Rossi without prejudice to reconsideration if Deshazo files a motion to reinstate this case after the criminal proceedings are terminated.

## III.   <u>CONCLUSION AND ORDER</u>

Based on the foregoing, the Court **ORDERS** as follows:

1.   The complaint filed by Christopher Wayne Deshazo for false arrest against Myriah Del Rossi is **DISMISSED without prejudice** to reconsideration afer Deshazo's criminal prosecution is ended.   To proceed with these claims, Deshazo must file a motion to reinstate this

case within thirty days of the date that the criminal proceedings terminate in his favor.

2. All other claims lodged by Deshazo are **DISMISSED with prejudice** for failure to state a claim under 28 U.S.C. § 1915(e)(2)(B).

3. All of Deshazo's pending motions [Docs. # 26, # 29, #36, #39] are **DENIED**.

The Clerk is directed to provide a copy of this order to the plaintiff.

SIGNED at Houston, Texas, on June 28, 2018.


NANCY F. ATLAS
SENIOR UNITED STATES DISTRICT JUDGE